IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRIYA LESINSKI and RICHARD LESINSKI (w/h),**<br>*Plaintiffs,*<br><br>v.<br><br>**HALEON US HOLDINGS, LLC,**<br>*Defendant.* | Civil No. 24-4181 |

MEMORANDUM

**Costello, J.**                                                                                            September 3, 2025

      Plaintiffs Priya and Richard Lesinski sued Defendant Haleon US Holdings, LLC ("Haleon") claiming that Ms. Lesinski developed a severe lung infection after consuming a bottle of one of Haleon's products, Robitussin Honey CF Max Day Adult.  The Complaint alleges claims for strict product liability (Count I) and derivative loss of consortium (Count II).  Haleon has moved to dismiss the Complaint on two bases:  (1) that Ms. Lesinski has failed to state a product liability claim because she has not plausibly alleged that Haleon's product caused her lung infection; and (2) that Mr. Lesinski has failed to state a loss of consortium claim because he has not alleged that he was married to Ms. Lesinski when she developed the lung infection.  As is discussed more fully below, the court will deny the motion to dismiss the strict liability claim and grant the motion as to the loss of consortium claim with leave to amend.

I.      BACKGROUND

      On December 1, 2023, Plaintiff Priya Lesinski ("Plaintiff") underwent a surgical procedure after which she had extreme coughing bouts.  Compl., ECF No. 1 ¶ 11.  To treat this cough, she used Robitussin Honey CF Max Day Adult between December 6-8, 2023.  *Id.* ¶¶ 11-13.  Her cough worsened, and she developed a severe lung infection.  *Id.* ¶¶ 14-15.  On January

24, 2024, Haleon recalled Robitussin Honey CF Max Day Adult due to microbial contamination. *Id.* ¶ 16. Plaintiff alleges that the cough syrup was, among other things, defective and unsafe because of the microbial contamination, which caused infections in its users. *Id.* ¶¶ 20(b), (d).

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

## III. DISCUSSION

### A. Plaintiff Has Sufficiently Alleged Causation.

Under Pennsylvania law, to state a claim for strict product liability, a plaintiff must allege that: (1) the product was defective; (2) the defect was a proximate cause of the plaintiff's injuries; and (3) the defect causing the injury existed at the time the product left the seller's hands. *Davis v. Berwind Corp.*, 690 A.2d 186, 190 (Pa. 1997). The parties dispute whether Haleon's product caused Plaintiff's injuries. "[C]onduct is a proximate cause of the plaintiff's harm where the conduct 'was a substantial factor in bringing about the harm inflicted upon a plaintiff.'" *Straw v. Fair*, 187 A.3d 966, 993 (Pa. Super. Ct. 2018) (citation omitted). Plaintiff alleges that she developed a severe lung infection immediately after taking the Robitussin. *Id.* ¶¶ 14-15. In addition, she alleges that approximately six weeks later, Haleon issued a recall notice for the

exact type of Robitussin she ingested "due to microbial contamination." *Id.* ¶ 16.  These allegations plausibly allege that Haleon's product was a substantial factor in causing her infection.

Haleon contends that alleging the recall of the product is not sufficient to plausibly allege causation of Plaintiff's injury.  In support, Haleon relies on cases involving exposure to products contaminated with benzene.  *See, e.g., Brief v. Idelle Labs, Ltd.,* No. 2:22-CV-05085 (WJM), 2023 WL 5971823 (D.N.J. Sept. 14, 2023); *Bodle v. Johnson & Johnson Consumer Inc.*, No. 21-CV-07742-EMC, 2022 WL 18495043 (N.D. Cal. Feb. 24, 2022).  In those cases, consistent with Haleon's argument, the courts found plaintiffs' claims that a particular product they used was recalled was not sufficient to establish that plaintiffs were exposed to harmful levels of benzene.  *Id.*  Instead, the plaintiffs had to either specifically allege that the product they used contained harmful levels of benzene or plead enough facts to establish the inference that they used a product that was subject to a recall.  *Id.*

These cases are distinguishable.[1]  In *Bodle*, the plaintiff did not allege when she was diagnosed with cancer, and therefore, the court could not establish whether her cancer was caused by her use of the defective product.  2022 WL 18495043, at *2.  Here, by contrast, Plaintiff alleges that she developed the lung infection immediately after using Haleon's s product, which was recalled just six weeks later.

---

[1]     Haleon also cites automobile recall cases, but they are also distinguishable because, among other things, those cases were evaluating the sufficiency of the evidence at the summary judgment stage.  *See, e.g., Bailey v. Monaco Coach Corp.,* 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004), *aff'd,* 168 F. App'x 893 (11th Cir. 2006).  Here, the Court is evaluating whether Plaintiff's Complaint states a plausible claim.  It is also worth noting that both the benzene and automobile recall cases cited by Haleon do not apply Pennsylvania law.

In *Brief*, the plaintiff claimed that he was exposed to unsafe levels of benzene over the course of decades due to defendant's products. 2023 WL 5971823, at *2-3. The court held that it was insufficient for plaintiff to allege that because defendant's products had been recalled, he was exposed to unsafe levels of benzene. *Id.* Instead, the plaintiff had to offer additional details tying his long-term benzene exposure to defendant's products. *Id.* Here, Plaintiff has tied her lung infection to Haleon's product. Plaintiff alleged that she used the Robitussin product over a defined period approximately six weeks before the product was recalled because of its potential to cause lung infections. *See* Food and Drug Administration, Voluntary Recall Announcement for Robitussin Honey CF Max Day Adult Jan. 24, 2024: https://perma.cc/HTT2-K4QN.[2] Thus, Plaintiff has alleged sufficient facts to establish the inference that she used the recalled product and that she contracted a lung infection after doing so. Therefore, Haleon's motion to dismiss Plaintiffs' product liability claim will be denied.

**B.     Richard Lesinski Has Not Sufficiently Alleged Loss of Consortium.**

To state a claim for loss of consortium, Mr. Lesinski must allege that he was married to Plaintiff when she had the lung infection. *Sprague v. Kaplan*, 572 A.2d 789, 790 (Pa. Super. Ct. 1990). Here, the Complaint states only that Mr. Lesinski was married to Plaintiff and offers no further information about the marriage. Compl., ECF No. 1 ¶ 26. The Complaint does not allege that Mr. Lesinski was married to Plaintiff when she contracted the lung infection. *See id. generally*. Plaintiffs insist in their opposition brief that they were married at the time Plaintiff's injuries occurred. Pls.' Opp., ECF No. 22 at 12. However, this argument does not serve to

---

[2]     Because the complaint incorporates the recall notice, the Court can consider it without converting the motion to dismiss to a motion for summary judgment. *See* Compl., ECF No. 1 ¶¶ 3, 16; *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

amend the Complaint. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). Because Plaintiffs do not allege that they were married at the time of Plaintiff's injuries, the Complaint fails to state a loss of consortium claim. Count II of the Complaint will be dismissed without prejudice because amendment is neither futile nor inequitable. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

IV. **CONCLUSION**

The Court will dismiss Mr. Lesinski's loss of consortium claim without prejudice. The Court will otherwise deny the motion to dismiss.

An appropriate Order will follow.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.